◼ ELANA GOLDRING, Appellant, v JACOB GOLDRING, Defendant. RACHEL TANGUAY-MCGUANE, Nonparty Respondent. [3 NYS3d 407]—

In an action for a divorce and ancillary relief, the plaintiff appeals from an order of the Supreme Court, Rockland County (Berliner, J.), entered December 6, 2012, which granted the motion of nonparty Rachel Tanguay-McGuane for an award of an attorney's fee, to be paid by the plaintiff.

Ordered that the order is reversed, on the law and in the exercise of discretion, with costs, and the motion is denied.

In an order dated October 18, 2010, the Supreme Court granted the plaintiff leave to proceed as a poor person in this divorce action, and assigned Rachel Tanguay-McGuane as her counsel, "without compensation from the plaintiff without prej-

udice to motion by counsel for compensation pursuant to CPLR Section 1102 (d), D[omestic] R[elations] L [aw] Section 237, or otherwise provided by law." Tanguay-McGuane's motion to be relieved as counsel was granted in an order of the same court dated July 27, 2011, on the ground that "the attorney client relationship has been irretrievably broken."

Thereafter, pursuant to a stipulation of settlement in the divorce action, the plaintiff waived arrears of child support in an amount estimated to be $100,000, in exchange for the defendant's waiver of his interest in the equity in the marital residence. Both the plaintiff and the defendant acknowledged that the value of the marital residence was unknown, as no appraisal had been conducted, and the marital residence was in foreclosure. Pursuant to that stipulation, the defendant was required to pay the plaintiff the sum of $800 per month in child support. Each party agreed to be responsible for his or her own legal fees.

Tanguay-McGuane moved for an award of counsel fees from the plaintiff based upon CPLR 1102 (d), which provides that counsel assigned pursuant to CPLR 1102 may recover reasonable fees and expenses out of any recovery by judgment or settlement obtained by the client in the action. The Supreme Court granted her motion, to the extent of awarding her $8,000, finding that the defendant's waiver of his equity interest in the marital residence constituted a recovery by the plaintiff. However, that amount represented estimated arrears of child support that the defendant was otherwise obligated to pay to the plaintiff, which was to be expended for the benefit of the children, not for the payment of an attorney's fee. Under the circumstances of this case, the Supreme Court improvidently exercised its discretion in awarding an attorney's fee to Tanguay-McGuane. Skelos, J.P., Miller, Hinds-Radix and LaSalle, JJ., concur.